IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL ROMANOWSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:18-CV-1567-D |
| | § | |
| WELLS FARGO BANK, N.A., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo's") April 4, 2019 motion for summary judgment[1]—to which plaintiff Daniel Romanowski ("Romanowski") has not responded—is granted, and this action is dismissed with prejudice by judgment filed today.[2]

This is a removed action by Romanowski arising from Wells Fargo's attempt to foreclose on his real property located in Irving, Texas. Wells Fargo moves for summary judgment. Romanowski, who is now proceeding *pro se*, has not responded to the motion.

When, as here, the summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of

---

[1]Wells Fargo filed on October 9, 2018 a motion to dismiss, which the court referred to the magistrate judge. That motion is still pending. In view of the granting of Wells Fargo's summary judgment motion, the court deems the motion to dismiss to be moot.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

evidence on any essential element of the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does so, the nonmovant must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

Wells Fargo has pointed in its motion to the absence of evidence to support each of Romanowski's claims. The burden has therefore shifted to Romanowski to present evidence that creates a genuine issue of material fact. Romanowski has not responded to Wells Fargo's motion.[3] Although his failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D.

---

[3]Wells Fargo filed its motion on April 4, 2019. Romanowski's response was due April 25, 2019. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Romanowski's *pro se* status does not excuse his failure to respond to Well Fargo's motion. As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Bookman*, 945 F. Supp. at 1005.

Because Well Fargo has pointed to the absence of evidence to support Romanowski's claims and he has not produced evidence in response to the motion, Well Fargo is entitled to summary judgment dismissing Romanowski's action with prejudice.

* * *

Accordingly, Wells Fargo's April 4, 2019 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.[4]

**SO ORDERED**.

June 3, 2019.

                                                            _____
                                                            SIDNEY A. FITZWATER
                                                            SENIOR JUDGE

---

[4]The court dismissed Romanowski's action against defendant Blue Star Residential Lending, Inc. by judgment filed on October 3, 2018. Accordingly, the judgment dismissing Wells Fargo is final and closes this case.