```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF TEXAS
           DALLAS DIVISION
```

DANIEL ROMANOWSKI,                §
                                  §
            Plaintiff,            §
                                  § Civil Action No. 3:18-CV-1567-D
VS.                               §
                                  §
WELLS FARGO BANK, N.A., et al.,   §
                                  §
            Defendants.           §

## MEMORANDUM OPINION
## AND ORDER

Plaintiff Daniel Romanowski ("Romanowski") moves for relief from summary judgment entered in favor of defendant Wells Fargo Bank ("Wells Fargo") after Romanowski failed to respond to Wells Fargo's summary judgment motion. For the reasons that follow, the court denies the motion.

I

Romanowski brought this action to prevent Wells Fargo from foreclosing on his real property in Irving, Texas. Wells Fargo moved for summary judgment on April 4, 2019. Romanowski, proceeding *pro se*, did not respond to the motion. On June 3, 2019 the court granted Wells Fargo's motion for summary judgment and entered final judgment dismissing Romanowski's lawsuit with prejudice. On June 4, 2019 Romanowski filed the instant motion to reconsider and set aside the judgment, seeking relief on three grounds. First, he contends that the court should have relied on his previously submitted evidence in making its summary judgment decision. Second, he contends that Wells Fargo did not properly serve its summary

judgment motion under Fed. R. Civ. P. 5. And, third, he maintains that Wells Fargo did not respond to his numerous demands for interrogatories.

II

Because Romanowski's motion challenges the judgment in this case and was filed within 28 days of the entry of judgment, it is properly construed as a Rule 59(e) motion to alter or amend the judgment. *See, e.g., Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). While a district court has considerable discretion in deciding whether to reopen a case under Rule 59(e), reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See id.* Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

III

After considering Romanowski's motion, the court concludes reconsideration of its memorandum opinion and order is not warranted. Romanowski did not respond to Wells Fargo's motion for summary judgment, and in the instant motion has neither cited manifest errors of law or fact nor presented newly discovered evidence. Romanowski's motion points to "sworn statements and other tangible evidence" submitted in response to Wells Fargo's motion *to dismiss*, not its motion *for summary judgment*. P. Mot. 2. But as this court has previously explained:

> Rule 56 obligates the nonmovant to designate the specific facts in the record that create genuine issues precluding summary judgment. It "does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." To satisfy [his] burden, the nonmovant is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] [his] claim."

*Bookman v. Shubzda*, 945 F. Supp. 999, 1004 (N.D. Tex. 1996) (Fitzwater, J.) (citation omitted). The court's reasoning for granting Wells Fargo's summary judgment motion is set forth in its memorandum opinion and order, *Romanowski v. Wells Fargo Bank, N.A.*, 2019 WL 2341088 (N.D. Tex. June 3, 2019) (Fitzwater, J.), and the court is satisfied that it correctly decided Wells Fargo's motion.

IV

Romanowski contends that he did not respond to Wells Fargo's motion for summary judgment because Wells Fargo did not properly serve its motion under Rule 5. Rule

5(b)(2)(C) provides that a motion is properly served when it is mailed "to the person's last known address–in which event service is complete upon mailing." Rule 5(b)(2)(C); *see also Daniels v. JP Morgan Chase Bank*, 574 Fed. Appx. 337, 338 (5th Cir. 2014) (per curiam); *LaBlanche v. Ahmad*, 538 Fed. Appx. 463, 464-65 (5th Cir. 2013) (per curiam); *Zamudio v. Mineta*, 129 Fed. Appx. 79, 80 (5th Cir. 2005) (per curiam). Romanowski alleges that Wells Fargo did not comply with Rule 5 because he did not receive the motion for summary judgment. But "[e]ven if receipt were relevant to the Rule 5(b)(2)(C) analysis," *Daniels*, 574 Fed. Appx. at 338, Romanowski has not presented any evidence, "such as an affidavit or declaration," *id*., indicating that he did not receive Wells Fargo's certified mailing. Furthermore, Wells Fargo has produced a copy of a payment receipt reflecting that it sent the motion certified mail, return receipt requested to Romanowski's last known address and that it was delivered to Romanowski on April 6, 2019.

In the context of Rule 60(b)(1)—which informs (although does not control) the court's Rule 59(e) analysis, *see Davila v. Walmart Stores, Inc.*, 2017 WL 1509303, at *2 (N.D. Tex. April 27, 2017) (Fitzwater, J.), this court has found that a lack of notice may serve as a basis for granting relief under Rule 60(b)(1). *Bahsoon v. Wells Fargo Bank, NA*, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (Fitzwater, C.J.). But "where courts have granted Rule 60(b)(1) motions for lack of notice, the moving party has presented more than an unexplained and uncorroborated assertion that [he] lacked notice." *Id*. Romanowski provides no explanation for why he would not have received a copy of Wells Fargo's motion. The mailing address on the docket is the Irving address Romanowski lists in his motion to

reconsider. And the docket sheet lists an email address for Romanowski, where he would have received notices of electronic filings. In fact, he filed the instant motion to reconsider just one day after the court's opinion and judgment were entered, which suggests that he was aware of documents (such as Wells Fargo's summary judgment motion) that were electronically filed.

Under either analysis, even when construed in light of Romanowski's *pro se* status and Rule 59(e)'s less onerous standard, *see Davila*, 2017 WL 1509303, at *1, Romanowski has failed to provide a sufficient reason to grant the requested relief. *See Bahsoon*, 2013 WL 1831786, at *1 (denying Rule 60(b) motion because plaintiff provided "no explanation" for her "purported failure to receive notice" and did not contest receipt of other court mailings); *see also Quilling v. Schonsky*, 247 Fed. Appx. 583, 587 (5th Cir. 2007) (affirming denial of Rule 60(b) motion where there was "nothing in the record" to indicate lack of notice other than movant's allegation).

V

Romanowski also maintains that Wells Fargo has failed to respond to his numerous requests for interrogatories. But "[a] motion to alter or amend under Rule 59(e) is not the proper procedural vehicle for raising a discovery dispute for the first time." *Choe v. Bank of America, N.A.*, 2014 WL 2980372, at *2 (N.D. Tex. July 2, 2014) (Fitzwater, C.J.) (citing *Fanning v. Metro. Transit Auth. of Harris Cty., Tex.*, 141 Fed. Appx. 311, 315 (5th Cir. 2005) (per curiam) ("A Rule 56([d]) motion, not one for reconsideration [under Rule 59(e)], is the proper remedy for a party claiming summary judgment is inappropriate because of

inadequate discovery." (addressing former Rule 56(f))). Accordingly, this basis for Romanowski's motion is denied.

VI

Romanowski does not contend that he is presenting newly discovered evidence, and the court has not identified any relevant evidence that it did not consider previously. Nor does Romanowski present any intervening change in law, manifest error of law or fact, or other extraordinary circumstances justifying alteration or amendment of the judgment. And he has failed to demonstrate that the court should not have granted Wells Fargo's motion for summary judgment.

\* \* \*

Accordingly, for the reasons explained, Romanowski's June 4, 2019 motion to reconsider and set aside the judgment is denied.

**SO ORDERED**.

July 30, 2019.

_[signature]_
SIDNEY A. FITZWATER
SENIOR JUDGE