IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL ROMANOWSKI, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:18-CV-1567-D |
| VS. § | |
| § | |
| WELLS FARGO BANK, N.A., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this suit that the court dismissed in 2019 on motion for summary judgment, *pro se* plaintiff Daniel Romanowski ("Romanowski") moves to enforce a settlement agreement that he entered into with defendant Wells Fargo Bank, N.A. ("Wells Fargo") and for sanctions based on Wells Fargo's alleged failure to comply with the settlement agreement. Raising *sua sponte* that it lacks subject matter and collateral jurisdiction, the court denies the motion.

I

Considering the grounds on which the court relies to deny Romanowski's motion, it can succinctly recount the pertinent background facts and procedural history.

This lawsuit arises from Wells Fargo's attempt to foreclose on Romanowski's real property located in Irving, Texas. Romanowski originally filed this suit in Texas state court, alleging, *inter alia*, violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, and its implementing regulation, Regulation X, 12 C.F.R. § 1024, breach of contract, and common law fraud. Wells Fargo removed the case to this court based on both

federal question jurisdiction and diversity of citizenship. Wells Fargo then moved to dismiss and for summary judgment. On June 3, 2019, after Romanowski failed to respond to Wells Fargo's summary judgment motion, the court granted the motion and dismissed this case with prejudice. Romanowski filed a motion to reconsider and set aside the judgment, which the court denied. Romanowski then filed a notice of appeal, but the court docket contains no indication that the appeal was docketed in the court of appeals or prosecuted. In September 2019, however, apparently before the appeal was resolved, the parties entered into a settlement agreement (the "Agreement").

On December 31, 2021 Romanowski, proceeding *pro se*, filed the instant motion[1] to enforce the Agreement and to impose sanctions of, *inter alia*, $250 for each day since October 16, 2019 that Wells Fargo has failed to comply with the terms of the Agreement. Romanowski also requests $250 in attorney's fees and costs. Wells Fargo opposes the motion, contending, *inter alia*, that Wells Fargo did not breach the Agreement. The court is deciding this motion on the briefs.

II

The court raises *sua sponte* that it lacks subject matter jurisdiction over Romanowski's motion to enforce the Agreement. "[T]he court must notice its own lack of subject matter

---

[1] In his reply brief, Romanowski requests additional relief. Because these requests are made for the first time in his reply brief and are inadequately briefed, the court declines to address them. Some requests—for example, for an order restricting the transfer of an ongoing case between the parties in the Western District of Pennsylvania—patently lack merit.

jurisdiction *sua sponte*, if necessary." *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007) (Fitzwater, J.). The court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(h)(3).

In *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994), the Supreme Court explained that "[e]nforcement of [a] settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378; *see Weaver v. World Fin. Corp. of Tex.*, 2010 WL 1904561, at *1 n.1 (N.D. Tex. May 12, 2010) (Fish, J.) ("As a general rule, once a lawsuit has been dismissed, enforcement of a settlement agreement requires a basis for subject matter jurisdiction independent of the underlying suit." (quoting *Charley v. Shell Oil Co.*, 1996 WL 182209, at *2 (S.D. Tex. Feb. 8, 1996))). A court's "ancillary jurisdiction" "to manage its proceedings, vindicate its authority, and effectuate its decrees" provides an independent jurisdictional basis to enforce a settlement agreement *only* if "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made a part of the order of dismissal . . . ." *Kokkonen*, 511 U.S. at 380-81. "[A] court may make a settlement agreement part of its dismissal order: 'either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (quoting *Kokkonen*, 511 U.S. at 380-81)).

Here, there is no question that the court did not make the Agreement part of its

dismissal order. The court dismissed the case with prejudice after granting summary judgment in favor of Wells Fargo, months before the parties entered into the Agreement. The court therefore did not—and could not—retain jurisdiction over the Agreement by a separate provision in its dismissal order or by incorporating the Agreement into its dismissal order. *See Galera v. Relief Net Rd. Servs., Inc.*, 2015 WL 3386850, at *2 (N.D. Tex. May 26, 2015) (Lindsay, J.) (holding that the court lacked jurisdiction to enforce the settlement agreement and explaining that "[i]t is beyond peradventure that the court could not have included a separate provision in its April 28, 2015 Judgment retaining jurisdiction over the settlement agreement, or incorporate the terms of the settlement agreement in its Judgment, when it was not informed about the alleged settlement agreement until May 7, 2015, nine days after it entered the Judgment"); *Fed. Express Corp. v. Robrad, L.L.C.*, 2016 WL 3660670, at *3 (N.D. Tex. June 16, 2016) (Horan, J.) ("[T]he Court could not, as a practical matter, have retained jurisdiction over the provisions of the Settlement Agreement . . . because the Settlement Agreement was not filed with the Court until June 16, 2015—over four months after the Court entered the Agreed Judgment."), *rec. adopted*, 2016 WL 3661471 (N.D. Tex. July 5, 2016) (Boyle, J.). Accordingly, the court concludes that it lacks subject matter jurisdiction over Romanowski's motion to enforce the Agreement, and it denies this component of Romanowski's motion.[2]

---

[2]The court also denies Romanowski's request for attorney's fees in connection with bringing the instant motion. He fails to specify the grounds that entitle him to attorney's fees and costs. *See* Rule 54(d)(2)(B)(ii) (requiring that a movant seeking attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling [him] to the award").

III

The other component of Romanowski's motion is his request for sanctions. The court raises *sua sponte* that it lacks jurisdiction—in this instance, collateral jurisdiction—over this component of the motion as well.

The court's lack of subject matter jurisdiction over Romanowski's motion to enforce the Agreement does not *per se* preclude it from exercising jurisdiction over his request for sanctions. This is so because, in some circumstances, a court that lacks *subject matter* jurisdiction can exercise *collateral* jurisdiction over collateral issues related to the case, including over motions for sanctions. *See Ratliff v. Stewart*, 508 F.3d 225, 229-30 (5th Cir. 2007) ("Although the district court no longer had jurisdiction over the subject matter of the dispute, the collateral jurisdiction doctrine permits courts to sanction lawyers, even after a final judgment on the underlying merits." (footnote omitted)); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) ("[A]n order [imposing Rule 11 sanctions] implicates no constitutional concern because it 'does not signify a district court's assessment of the legal merits of the complaint.' It therefore does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction." (internal citation omitted) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990))).

But for at least the following reasons, the court concludes that it lacks collateral jurisdiction over Romanowski's request for sanctions based on Well Fargo's alleged failure

---

But even if he had specified a basis for his request, he would not be entitled to attorney's fees because he has not prevailed on his motion to enforce the Agreement.

- 5 -

to comply with the Agreement.

First, Romanowski's sanctions request is not like the type of request over which a court can exercise collateral jurisdiction: for example, for sanctions that a court imposes in aid of enforcing its own rules and procedures. *See Willy*, 503 U.S. at 132 ("[T]he District Court's interest in having rules of procedure obeyed did not disappear with the subsequent determination that it lacked subject-matter jurisdiction."). Romanowski is asking the court to sanction Wells Fargo at the rate of "(1) $250 per day since October 16th, 2019. . . . (2) $250 for every day that the settlement sum is unpaid after this motion is filed. (3) $250 for every day after this motion is filed that performance of paragraph 7 of the settlement agreement . . . has not begun." P. Br. 9. These sanctions are more analogous to an award of damages than sanctions for violating court rules or otherwise abusing the judicial process. *Compare Cooter*, 496 U.S. at 396 ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."), *with Kokkonen*, 511 U.S. at 378 ("Enforcement of the settlement agreement, however, whether *through award of damages* or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." (emphasis added)). Because Romanowski's request for sanctions is not collateral to the merits of this case, the court concludes that it lacks collateral jurisdiction over this request.

This conclusion is bolstered by the fact that Romanowski's requested sanctions are

strikingly similar to the coercive relief available when a party is held in civil contempt. *See, e.g., SEC v. Faulkner*, 2019 WL 277621, at *5 (N.D. Tex. Jan. 22, 2019) (Fitzwater, J.) ("Judicial sanctions in civil contempt proceedings, may in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." (quoting *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000))). Yet civil contempt relief is unavailable where, as here, the court lacks jurisdiction to enforce the Agreement. *See Willy*, 503 U.S. at 139 ("Given that civil contempt is designed to coerce compliance with the court's decree, it is logical that the order itself should fall with a showing that the court was without authority to enter the decree."); *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 306 (2d Cir. 2014) (vacating the district court's order holding appellant in contempt for noncompliance because the district court lacked jurisdiction over appellee's motion to enforce the settlement agreement). The close resemblance between Romanowski's requested sanctions and the coercive sanctions that the court could impose after a finding of civil contempt supports the conclusion that the court lacks collateral jurisdiction.

Nor can the court exercise its inherent authority to impose the sanctions that Romanowski seeks.[3] A court's inherent power to sanction "does not extend to collateral

---

[3]It is unclear from Romanowski's motion on what basis he relies to support his request for sanctions. But because Romanowski has not followed the requirements of Rule 11, and since he does not specify the basis for his request, the court will assume *arguendo* that he is seeking sanctions pursuant to the court's inherent authority. *See Goodyear Tire & Rubber Co. v. Haeger*, ___ U.S. ___, 137 S. Ct. 1178, 1186 (2017) (explaining that courts possess certain inherent powers, including "the ability to fashion an appropriate sanction for conduct

proceedings that 'do not threaten the court's own judicial authority or proceedings.'" *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460-61 (5th Cir. 2010) (quoting *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 593 (5th Cir. 2008)). Because the Agreement was never incorporated into an order by this court, and in fact was never even filed with this court, any alleged violation of the Agreement does not threaten the court's own authority or interfere with the court's ability to manage its own affairs. *See id.* at 461 ("Inherent authority 'is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function.'" (quoting *Maxxam*, 523 F.3d at 591))).

Based on the absence of collateral jurisdiction, the court denies the component of Romanowski's motion in which he seeks sanctions against Wells Fargo.

\* \* \*

Accordingly, the court denies Romanowski's motion to enforce the settlement agreement and impose sanctions. The court also denies his request for attorney's fees.

**SO ORDERED**.

February 24, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

which abuses the judicial process" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991))).